## Wilkinson *v.* Kugler. Dermond's Appeal.

[Marked to be reported.]

*Landlord and tenant—Necessary repairs—Auditor's finding.*

A landlord authorized his tenant to make all necessary improvements. Under this authority the tenant put in a steam heater, and gave notes to plaintiff in payment therefor. Judgment was subsequently obtained on the notes, and the tenant's personal property was sold by the sheriff. The landlord claimed the heater as a part of the real estate. Before the auditor appointed to distribute the fund, the tenant testified that the heater was not actually necessary at the time it was put in, but that it would have been later on. The auditor found that the heater was necessary and authorized by the landlord. *Held*, that the evidence was sufficient to sustain the finding and that the price of the heater was properly awarded to the plaintiff in the execution, in preference to the landlord's claim for rent.

*Auditor—Insufficient findings of fact.*

Where a fund raised by a sheriff's sale is claimed by a landlord who has authorized a tenant to make improvements, and the fund is also claimed by persons who made improvements under an agreement with the tenant who was the defendant in the execution, the auditor should find the amount of rent due the landlord, and should also find whether the costs of the improvements were proper credits on account of the rent. In the absence of such findings the Supreme Court will refer the case back to the auditor for a proper finding of facts.

Argued Feb. 8, 1893. Appeal, No. 183, July T., 1892, by Patrick Dermond, from decree of C. P. Chester Co., Jan. T., 1892, No. 20, Wilkinson v. Kugler, distributing fund raised by a sheriff's sale. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Distribution of fund raised by a sheriff's sale of the property of H. C. Kugler.

The auditor reported as follows:

" On April 1, 1890, Patrick Dermond purchased from one Ellen Filbert, of Phœnixville, a certain bakery and confectionery store and other improvements, which were occupied and paying 'rent as follows: One tenant house, $7 a month; another house and store property, $42 a month; and the main store and bakery, $64 a month. Previous to the purchase H. C. Kugler rented and occupied the bakery and confectionery store, and it was at his instance and request that Patrick Der-

mond purchased the propety, H. C. Kugler being the son-in-law of Patrick Dermond, and when the purchase was made there seems to have been an understanding between H. C. Kugler and his father-in-law that he (Kugler) would continue to occupy the premises he was then in, and that Patrick Dermond was to receive rent for the premises from H. C. Kugler of $7 a month for tenant house, $42 for dwelling and store occupied by George A. Hunter, and $64 a month for the confectionery and house occupied by Kugler, and the auditor so finds from the testimony before him that H. C. Kugler did rent the premises from Patrick Dermond and did agree to pay him rent as above stipulated.

"After H. C. Kugler had taken possession under his agreement with Patrick Dermond, he made some improvements to the property; he put in new bake ovens and a new heater, and made some other improvements. This was done during the summer and fall of 1890, and John M. Wilkinson, the plaintiff in the above execution, put in the new steam heater, for which H. C. Kugler gave him two judgments, upon which executions were issued, the personal property levied upon and sold, and the money is now in court to be distributed, the claimants upon the fund being Patrick Dermond, the landlord, and John M. Wilkinson, the execution creditor.

"There was also an understanding and agreement between Patrick Dermond and H. C. Kugler, his son-in-law, that at any time he was able he could purchase the property. Mr. Dermond so told him at the time he purchased, and at the same time he authorized him to put necessary improvements on the property, and only such as were necessary. Kugler testified that it was the understanding between Patrick Dermond, his wife and himself, that if he lived long enough and got money enough, he was to buy the property, and that he put the improvements there with that understanding, and Patrick Dermond knew that they were put in, possibly not just at the time, but soon afterward. The only witnesses called were Patrick Dermond and H. C. Kugler, and they were very unsatisfactory; would not give direct answers to the plainest questions, and when they did answer it was always put in such a way that it was impossible to get at their meaning. H. C. Kugler testified that some time after the heater was put in his father-

in-law, Patrick Dermond, knew it, and when the execution issued the steam heater and fixtures were levied upon. Patrick Dermond gave notice to the sheriff that the steam heater and fixtures levied upon were a part of the real estate, and belonged to him. H. C. Kugler, the tenant, testified that he purchased the fixtures after the property had been purchased by Patrick Dermond, paid $105 for them; he also testified that he sold the old heater for $20.

"The auditor finds that the steam heater, ordered by H. C. Kugler, and put in by the plaintiff in the execution, John M. Wilkinson, were necessary improvements, and were authorized by Patrick Dermond, when he directed Kugler to put in necessary improvements. Patrick Dermond, from the testimony, knew the improvements had been made, sanctioned them, and never made any objection to the improvements or suggested that Kugler had exceeded his authority.

"And the money in court, after the payment of the costs of audit and the wages claimants, which were admitted by all interested as preferred claims, is awarded to John M. Wilkinson, the execution creditor."

The following exceptions were filed to the auditor's report:

"1. The auditor has erred in finding as a fact that the steam heater put on the premises by the plaintiff in the execution was a necessary improvement, there being no evidence before the auditor to justify such finding.

"2. The auditor has erred in finding as a fact that the putting in of said steam heater was authorized by Patrick Dermond, or that he ever sanctioned the same, there being no evidence before the auditor to justify such finding.

"3. The auditor has erred in awarding to the execution creditor $678.03, the balance for distribution.

"4. The auditor has erred in not awarding said balance to Dermond, under his claim of landlord, for rent due.

"5. The auditor's report is incomplete in not reporting the amount of rent due and unpaid to Patrick Dermond from H. C. Kugler for the premises, on which the goods sold by the sheriff were at the time of the levy."

Exceptions dismissed in opinion by WADDELL, P. J.

*Errors assigned* were (1–5) dismissal of exceptions, quoting them.

*Alfred P. Reid* and *A. Lewis Smith*, for appellant.—The auditor's conclusion that the steam heater was a necessary improvement is not supported by a single fact found by him, and was not warranted by the testimony. When the questions decided are inferences from clearly proven facts or conclusions from reasoning, the report of an auditor will be set aside by the Supreme Court, if, in their opinion, the auditor was in error: Cake's Ap., 110 Pa. 65; Hindman's Ap., 85 Pa. 466.

The auditor's conclusion that this heater was authorized by Dermond is not sustained by his own finding of fact nor by the testimony. Kugler could not have had the cost of this heater set off against the rent, and Wilkinson has no greater right than he had.

If a tenant chooses to put permanent repairs on a leased property without the consent of the landlord, he cannot charge them in an account with the landlord: Long v. Fitzsimmons, 1 W. & S. 532; Kline v. Jacobs, 68 Pa. 59; Rawle v. Balfour, 16 W. N. 195.

Even on the finding of the auditor, the distribution made is wrong. The auditor should have found the amount of rent due and deducted the cost of the heater, and awarded the balance of the rent due to Dermond.

*H. H. Gilkyson*, for appellee.—The Supreme Court will not correct matters of fact found by an auditor, and approved by the court below, except in case of clear error: McCarty's Ap., 14 Atl. 352; Atkinson's Ap., 11 Atl. 239; Lewis's Ap., 127 Pa. 127.

Fixtures erected by the tenant on the demised premises, for the purpose of carrying on his trade, being accessory to the enjoyment of the term, are personal property, and removable by the tenant at the end of his term: Lemar v. Miles, 4 Watts, 330; Church v. Griffith, 9 Pa. 118; White's Ap., 10 Pa. 252; Hill v. Sewald, 53 Pa. 271; Kile v. Giebner, 114 Pa. 381.

OPINION BY MR. CHIEF JUSTICE PAXSON, February 20, 1893:

The principal question before the court below was, whether the appellant had authorized his tenant, H. C. Kugler, to put in the steam heater. While the evidence upon this point was not strong, we cannot agree with the appellant that there was

no evidence before the auditor to justify such finding. There were but two witnesses examined, the landlord, and Kugler, his tenant, who was also his son-in-law. Both witnesses were evidently unfriendly to the execution creditor. The testimony of the appellant was evasive. He admits, however, that he authorized .necessary improvements to be made by the tenant. The latter testified that the steam heater was not necessary at the time, but would have been later on. It is not likely such an expense would have been incurred, unless its necessity was imminent. He also said that this was the only bill Mr. Dermond, his landlord, authorized him to contract for repairs. We think the evidence upon this point was sufficient to sustain the findings of the auditor.

The appellant claimed and retained the heater in question, and the auditor properly abated his claim for rent to that extent. The appellant contends, however, that after crediting the cost of the heater there is still enough rent due to absorb the fund in court. This point is raised by the fourth specification of error. Unfortunately there is nothing before us to enable us to decide this question satisfactorily. The auditor has not found the facts necessary to rule it. Upon this point the report is inadequate. There is no finding of the amount of rent due the appellant, and we cannot agree with the learned judge below that such finding was unnecessary. There is no distinct finding that the costs of any of the fixtures beyond the steam heater were proper credits on account of the rent, nor does there appear to be any evidence which would have justified the auditor in so finding, beyond some painting and spouting which appellant admits having authorized. In his schedule of distribution the auditor has contented himself with stating the amount of the fund in court, from which he has deducted the costs of the audit and the amount awarded to wage claimants, leaving a balance for distribution, $623.03, which he awards to the execution creditor, appellee. This is wholly unsatisfactory. The amount of rent due the appellant should have been distinctly found, as also the credits which the tenant, Kugler, was entitled to claim by reason of the cost of the heater, or for any other cause. This would have shown the balance, if any, still due for rent. If the credits allowed amounted to as much as the rent, the money was properly

awarded to the execution creditor.   If, however, upon a proper adjustment of the account there is a balance of rent due the appellant, it should be awarded to him.   Under the circumstances, the case will have to go back to the auditor for a proper finding of facts.

The decree is reversed at the costs of the appellee, and the record remitted to the court below with instructions to proceed in accordance with this opinion.